UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERRERA RAMIREZ, | ) | Case No. 5:26-cv-03938-DTB |
| | ) | |
| Petitioner, | ) | **ORDER GRANTING PETITION** |
| | ) | **FOR WRIT OF HABEAS CORPUS** |
| v. | ) | |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**I.**

**PROCEEDINGS**

On July 14, 2026, petitioner Juan Herrera Ramirez ("Petitioner"), represented by counsel, filed a "Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief" ("Petition") (Docket No. 1), accompanied by supporting exhibits (Docket No. 1-1)[1] and the Declaration of Rocio La Rosa (Docket No. 1-2).

/ / /

---

[1]    For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

1

On July 22, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 4), Respondent filed an Answer to the Petition ("Answer"). (Docket No. 9).  In the Answer, Respondent acknowledged that Petitioner appeared to be a member of the Bond Eligible Class of detainees certified in Maldonado Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, 813 F. Supp. 3d 1075 (C.D. Cal 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal 2025) ("Bautista"), and that, as such, Petitioner is entitled to a bond hearing pursuant to the judgment in Bautista.  (Docket No. 8 at 2-3 ["Respondent[s] acknowledge[] that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."]).[2]    In the Answer, Respondent also states that "[w]hile Petitioner seeks

---

[2]    The members of the certified Bond Eligible Class are:  "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  Bautista, 813 F. Supp. 3d at 1077-78.

On December 18, 2025, the court entered final judgment and granted declaratory relief to all members of the Bond Eligible Class.  See Bautista, 813 F. Supp. 3d at 1084.  Pursuant to the final judgment entered, the court declared that "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a)" and that "the Bond Eligible Class members are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  On February 18, 2026, the court granted a motion to enforce the declaratory judgment and vacated the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedures Act.  Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).  "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal."  Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (C.D. Cal. Apr. 17, 2026) (citation omitted).  "On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows:  (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) is stayed

immediate release, to the extent Petitioner would be entitled to any remedy via the petition for writ of habeas corpus, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)."  (Id. at 3).

On July 22, 2026, Petitioner filed a Reply.  (Docket No. 10).

Thus, this matter is now ready for decision.  For the reasons set forth below, the Court recommends that the Petition be granted.

## II.

## BACKGROUND[3]

Petitioner is a citizen of Guatemala.  (Petition at ¶¶ 2, 8).  In or about December 2015, when he was about 16 years old, Petitioner entered the United States without inspection.  (Id. at ¶ 2).  Petitioner has continuously lived in the United States since then.  (Id.).  Petitioner has lived peacefully in the United States and has been gainfully employed.  (Id.).  Petitioner has never suffered any type of negative contact with law enforcement or immigration officials.  (Id.).

On June 29, 2026, Petitioner was driving his truck during his lunch break when he was surrounded by and blocked in by four vehicles.  (Id. at ¶ 3).  When two officers from one of the vehicles pressed against Petitioner's driver's side window and told him that he had to exit his truck, Petitioner got out of his truck and was immediately handcuffed.  (Id. at ¶ 4).  The officers asked him where he was from

---

pending appeal."  Vivas v. Santacruz, Case No. 5:26-cv-01926-JFW-KES, 2026 WL 1122208, at *1 (C.D. Cal. Apr. 20, 2026) (citation omitted).  Therefore, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California."  Id.

As such, the declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree."  28 U.S.C. § 2201(a); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.") (citation and internal quotation marks omitted).  As parties to Bautista, Respondents are obligated to comply. See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

[3]   The Background is drawn from the Petition.

and where he was born, where his parents were born, and if he had a green card or permit; he did not answer their questions but provided them his California driver's license. (Id. at ¶ 5). The officers confiscated his keys, wallet and phone. (Id.). On information and belief, the officers did not show him a warrant or tell him they had a warrant. (Id. at ¶ 6). The officers told him they were running an investigation but did not tell him why he was being detained. (Id.).

Petitioner is being detained at Adelanto ICE Processing Center in Adelanto, California. (Id. at ¶¶ 7-8; see https:/locator.ice.gov/odls/#/results).

### III.

### PETITIONER'S CLAIMS

The Petition alleges the following claims for habeas relief: (1) Petitioner's detention violates his right to substantive due process under the Fifth Amendment; (2) Petitioner's detention violates his right to procedural due process under the Fifth Amendment; (3) Respondents' unreasonable seizure of Petitioner violates his rights under the Fourth Amendment; (4) Respondents' detention of seizure, without any reasonable suspicion of a qualifying offense, violates 8 C.F.R. § 287.8(b)(2); (5) Respondents' warrantless arrest of Petitioner without probable cause of a likelihood of escape violates 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii); (6) Petitioner's continued detention violates 8 U.S.C. § 1226(a); (7) Respondents' failure to conduct an initial custody determination of Petitioner violates 8 U.S.C. § 1226(a) and Petitioner's right to due process; and (8) Petitioner's warrantless arrest, detention, and denial of bond violate that Administrative Procedures Act, 5 U.S.C. § 706(2)(A). (Docket No. 1 at 23-36). The Petition seeks, among other things, Petitioner's immediate release from custody. (Id. at 36-37).

/ / /

/ / /

4

## IV.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## V.

## DISCUSSION

### A.   Habeas Relief is Warranted.

Given Respondents' election not to oppose the merits of the claims alleged in the Petition, the Court considers Respondents to have consented to the facts and arguments raised in the Petition pursuant to Central District of California Local Civil Rule 7-12. Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.

/ / /

5

Respondents' non-opposition itself provides a basis to grant the Petition. See Singh v. Chiang, Case No. 5:25-cv-3024-FMO-SP, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing the government's failure to oppose argument raised by habeas petitioner as a concession); Soleimani v. Larose, Case No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where the government's answer to the petition did not respond to all claims in the petition).

Moreover, Respondents affirmatively assert that they do not oppose a "§ 1226(a)/Bautista" bond hearing for Petitioner. (Docket No. 9 at 2-3).[4] Accordingly, on this record, the Court finds that Petitioner's continued detention violates 8 U.S.C. § 1226(a) and Petitioner's right to due process. (Docket No. 1 at 32-34).

Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge consistent with all applicable statutory requirements and agency regulations, and in which the government bears the burden of proof by clear and convincing evidence. See Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub. nom., Bautista v. Noem, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025); see also Urias v. Lyons, Case No. 5:26-cv-02697-JAK-MAR, 2026 WL 1683497, at *2-3 (C.D. Cal. June 10, 2026).[5]

/ / /

---

[4]    To the extent that Respondents contend that Petitioner has failed to exhaust his administrative remedies (see Docket No. 9 at 3-4), the Court rejects Respondents' contention. See Nola v. Department of Homeland Security, Case No. 5:26-cv-02180-MBK, 2026 WL 1330294, at *4-6 (C.D. Cal. May 13, 2026); Mosqueda v. Noem, Case No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *6-7 (C.D. Cal. Sept. 8, 2025); Bautista v. Santacruz, Case No. 5:25-01873-SSS-BFM, 2025 2670875, at 6-8 (C.D. Cal. July 28, 2025).

[5]    While the Court acknowledges Petitioner's concerns about possible issues with a bond hearing (see Docket No. 1 at 13-23; Docket No. 10 at 2-3; see also Docket No. 1-1 at 2-26, 28-42, 44-71), the Court is unable to find, on this record, that a bond hearing for Petitioner is futile.

For the reasons set forth above, the Petition is granted, and a writ shall issue ordering Respondents to provide Petitioner with a bond hearing.[6]

## VI.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered: (1) Granting the Petition; (2) ordering Respondents to provide Petitioner Juan Herrera Ramirez (A# 246-061-978) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1, and at which the government bears the burden of proof of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community,[7] within seven (7) days of the date of the date of this Order; (3) ordering Respondents to provide the immigration judge conducting the bond hearing with a copy of this Order; (4) ordering Respondents to release Petitioner from custody within eight (8) days following the date of this Order if he has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); and (5) ordering Respondents to file a status report within two (2) business days of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: July 28, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[6]    The Court's determination that Petitioner is entitled to habeas relief on the seventh claim alleged in the Petition renders it unnecessary for the Court to address the other claims alleged in the Petition.

[7]    The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioner on bond based on relevant factors, including, but not limited to, criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders. See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006). In addition, the immigration judge must provide the reasons for the decision orally or in writing. See 8 C.F.R. § 1003.19(f).